CULPEPPER, Judge.
This is a suit for damages for personal injuries sustained in an automobile accident. The plaintiffs are Mrs. Tillie Lanni-gan, who received personal injuries while a guest passenger in an automobile being driven by Betty James; and Mr. James Lannigan who seeks recovery for medical treatment to his wife. The defendants are Mr. Billy King James, his wife, Betty R. James, and their liability insurer, Allstate Insurance Company; and also the driver of the other vehicle, William G. Lynch, and his liability insurer, Millers Mutual Fire Insurance Company of Texas. The district judge found the accident was caused solely by the negligence of Lynch in running a stop sign at an intersection. Accordingly, judgment was rendered against Lynch and his insurer and in favor of Mrs. Tillie Lannigan for the sum of $8,500 and in favor of James Lannigan for the sum of $1,476.52. The defendant, Millers Mutual, has appealed.
*839 The sole issue on appeal is whether the awards are excessive.
The accident occurred on April 16, 1969. Mrs. Lannigan was a passenger on the front seat of the James vehicle when it was struck violently on the left hand side by the Lynch automobile. Mrs. Lannigan testified that her neck began to hurt immediately and she wanted to return to her home in Mansura and contact her family physician, Dr. F. P. Bordelon of Marks-ville. She couldn’t reach him that night but went to see him the next morning about 8:30.
Dr. Bordelon, a general practitioner, saw Mrs. Lannigan on April 17, 1969, and diagnosed a cervical sprain, superimposed on arthritic changes in the cervical vertebrae, and also extreme nervousness with fast heart beat and high blood pressure. He prescribed drugs for pain, muscle relaxation and arthritis. Mrs. Lannigan is 60 years of age.
On April 21, 1969, Mrs. Lannigan returned to Dr. Bordelon complaining of pain in her neck and muscular twitchings. She was sent to Dr. Jo Ann Bowers, a radiologist, for x-rays. Dr. Bowers found “multiple bruises of the cervical spine demonstrate degenerative muscular arthritic disease with interspace narrowing throughout the entire cervical area. There is a slight subluxation of C4 anterior to C5 in the flexion or position there is slight loss of normal curvature and there is no definite fracture, or subluxation demonstrated.”
Dr. Bordelon immediately referred Mrs. Lannigan to Dr. Ed Banks, an orthopedic surgeon in Alexandria, who saw her on April 21, 1969, and placed her in the Baptist Hospital for examination and treatment. Dr. Banks diagnosed a cervical strain and prescribed a halter-type neck brace.
Mrs. Lannigan left the hospital on April 23, 1969, but continued to wear her halter-type neck brace for about six weeks. Then Dr. Banks changed to a plastic collar brace. On July 17, 1969, Dr. Banks reported that her symptoms were mild and should disappear within about four weeks. Then on August 20, 1969, Dr. Banks discharged Mrs. Lannigan as having recovered from any residuals of the accident.
Mrs. Lannigan continued under the treatment of her family physician, Dr. Bordelon, who stated that he agreed essentially with the orthopedic evaluation by Dr. Banks but found that Mrs. Lannigan was still suffering from high blood pressure, extreme nervousness and depression related to the accident. Dr. Bordelon continued to treat her for these conditions even up until the date of the trial of this matter on November 17, 1970.
At the request of counsel for plaintiff, Mrs. Lannigan was seen on December 18, 1969, by Dr. Charles R. Walters of New Orleans. This physician ordered x-rays of the cervical spine and GI series, which were furnished by Dr. R. T. Cook, a roentgenologist. Dr. Walters found neck pain, arthritic changes in the cervical vertebrae and also intense nervousness. He stated that he “found it very difficult to ascribe any of these symptoms to the automobile accident, unless it be an intensification of the patient’s symptoms from cervical arthritis, and perhaps to an intensification of her inherent nervousness.”
On February 13, 1970, Mrs. Lannigan was seen again by Dr. Banks for evaluation. He affirmed his previous report that she recovered from all residuals of the accident by August 18, 1969.
On February 24, 1970, plaintiff was seen by Dr. Harry F. Jones, an orthopedic surgeon of Shreveport. Her complaints were of pain with associated stiffness in her neck which was episodic in nature and related to activity. Dr. Jones diagnosed “1. Cervical spondylosis with degenerative joint disease present of the C5-6, C6-7. 2. Post-traumatic cervical sprain compli *840 cated by the above.” In view of the fact that the patient denied having any symptoms of pain in her neck prior to the accident, Dr. Jones was of the opinion that the condition was accident-related. He prescribed continuation of treatment with tranquillizers, muscle relaxants and pills for pain. In follow up examinations on May 7, 1970 and May 21, 1970, Dr. Jones’ findings were essentially the same.
From the above review of the expert medical testimony, it is apparent there is a conflict between the opinions of the two orthopedic surgeons. Dr. Banks thinks Mrs. Lannigan recovered from all residuals of the accident by August 18, 1969. Dr. Jones thinks that her present complaints of pain in the cervical area are causally related to the accident. Mrs. Lannigan’s testimony that she had no trouble with her neck before the accident is corroborated by her family physician, Dr. Bordelon, who says that she reported no such condition to him. Under the circumstances, we are unable to say the trial judge was manifestly erroneous in concluding that the orthopedic symptoms in the neck, which Mrs. Lannigan was still suffering at the time of trial, were related to the accident.
Furthermore, in addition to these orthopedic symptoms, Mrs. Lannigan did suffer high blood pressure, nervousness and depression for which Dr. Bordelon was still treating her at the time of trial and which he said were related to the accident.
Under the circumstances, the award of $8,500 to Mrs. Lannigan is not excessive.
The principal objection by defendant to the award of $1,476.52 to Mr. James Lan-nigan, is that some of these medical expenses were for conditions not related to the accident. The district judge carefully reviewed each of the alleged items of expense, approving some and disapproving some, and reached the figure awarded. We find no manifest error in his conclusions.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.